IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JIM OLIVE and PHOTOLIVE, INC., <br> *Plaintiffs* <br><br> v. <br><br> SOUTHWESTERN UNIVERSITY, <br> *Defendant* | § <br> § <br> § <br> § <br> § <br> § <br> § | <br><br><br> CIVIL ACTION NO. _____ <br> Complaint for Copyright Infringement <br><br> JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

Plaintiffs Jim Olive and Photolive, Inc. file this their Original Complaint to recover damages arising from violations of Plaintiffs' intellectual property rights by Defendant Southwestern University, and in support of their claim state as follows:

## PARTIES

1. Jim Olive ("Olive") is an individual resident and citizen of Harris County, Texas. Photolive, Inc. is a domestic for-profit corporation organized under the laws of Texas with its principal place of business in Harris County, Texas. Olive is the sole shareholder of Photolive, Inc.

2. Defendant Southwestern University is a private liberal arts college located in Georgetown, Williamson County, Texas.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*, and the Digital Millennium Copyright Act, 17 U.S.C. § 1201, *et. seq.*

4.  This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and § 1338(a).

5.  This Court has personal jurisdiction over Defendant because it is a resident and citizen of the State of Texas.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 and § 1400(a).

## FACTUAL ALLEGATIONS

7.  Jim Olive is a long-time, Houston-based photographer, specializing in difficult to obtain aerial and cityscape photographs.

8.  In 2005, Olive took a series of aerial photographs of the City of Houston at dusk. These photographs were taken at great expense and risk to Olive, as they required renting a helicopter, hiring a pilot, utilizing special photography equipment, and Olive being suspended from the helicopter from a harness. In other words, these were no ordinary photographs of Houston.

9.  Shortly after obtaining these photographs, Olive registered them with the United States Copyright Office under the name of Plaintiffs' website on which they appeared: www.stockyard.com. A copy of the copyright registration is attached as **Exhibit A**. Among the copyrighted photographs is an aerial photograph numbered SKDT1082 (hereinafter "Image SKDT1082").

10. At all times relevant hereto, Plaintiffs displayed the copyrighted photographs, including Image SKDT1082, on Plaintiffs' website, and offered to provide quotes to persons who were interested in licensing them. When a website viewer clicks on Image SKDT1082, he or she sees not only the photograph, but also the following copyright

management information: COPYRIGHT © Jim Olive 2004 "ALL RIGHTS RESERVED." *See* **Exhibit B**.

11. Beginning on March 23, 2019, Defendant, without Plaintiffs' permission, began displaying Image SKDT1082 on Defendant's website, https://www.southwestern.edu/alumni/local-associations/, as part of an effort to encourage its alumni to participate in events and activities sponsored by local alumni chapters in twelve different cities, including Houston. According to the website, "Local chapters offer alumni a wide variety of opportunities to continue the *Southwestern Experience*, . . . all the while helping to enhance Southwestern's representation in your community." *See* **Exhibit C**, "Houston Chapter." The same photograph was also displayed to promote events on the Facebook page for the Houston Chapter of the Southwestern University Alumni Association on May 9, 2018; August 13, 2018; April 22, 2019; May 21, 2019; and May 29, 2019. *See* **Exhibits D-H**, https://www.facebook.com/groups/SUHouston/. In connection with these same events, the photograph was likewise redisplayed on Southwestern University's website on four additional occasions. *See* **Exhibits I-L**.

12. Before appropriating Plaintiffs' photograph for its own use, Defendant did not contact Plaintiffs and offer to pay a licensing fee. Moreover, Defendant not only ignored the copyright management information that accompanied the photograph, but failed to include such information when it posted Plaintiffs' photograph on its website and Facebook page.

13. Plaintiffs' photograph was and is protected by a registered copyright, and Defendant's decision to ignore and remove copyright management information and display

3

that photograph without payment or attribution to Plaintiff was a direct violation of both the Federal Copyright Act, 17 U.S.C. § 106, and the Digital Millennium Copyright Act, 17 U.S.C. § 1202 ("DMCA").

14. Upon realizing that Defendant was utilizing Image SKDT1082 without its permission, Plaintiffs wrote to Defendant, demanding that Defendant cease using the photograph and compensate Plaintiffs for its infringement of Plaintiffs' copyright. Although Defendant did cease using Plaintiffs' photograph, Defendant has wholly ignored Plaintiffs' demand for compensation for its infringement of Plaintiffs' copyright.

## CAUSES OF ACTION

### COUNT I – COPYRIGHT INFRINGEMENT

15. Plaintiffs incorporate and re-allege all of the allegations contained in the preceding paragraphs of this Complaint.

16. Defendant has infringed Plaintiffs' registered copyright in Image SKDT1082 in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. § 106 and § 501.

17. Defendant's acts of infringement were willful, intentional and purposeful, in disregard of and with indifference to Plaintiffs' rights.

18. As a direct and proximate result of said infringement by Defendant, Plaintiffs are entitled to damages in an amount to be proven at trial.

19. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

## COUNT II – DIGITAL MILLENNIUM COPYRIGHT ACT

20. Plaintiffs incorporate and re-allege all of the allegations contained in the preceding paragraphs of this Complaint.

21. On information and belief, Defendant intentionally removed the copyright management information from Plaintiffs' photograph before displaying it on Defendant's website and Facebook page, in violation of 17 U.S.C. § 1202(b).

22. Defendant, knowing or having reasonable grounds to know that Plaintiffs' copyright management information had been removed without Plaintiffs' permission, distributed that photograph without the required copyright management information in violation of 17 U.S.C. § 1202(b). Defendant knew, or had reasonable grounds to know, that distribution of the photograph would induce, enable, facilitate, or conceal infringement of Plaintiffs' copyright.

23. As a direct and proximate result of said acts by Defendant, Plaintiffs are entitled to damages in an amount to be proven at trial.

24. Plaintiffs are further entitled to their attorneys' fees and full costs pursuant to 17 U.S.C. § 1203 and otherwise according to law.

## JURY DEMAND

25. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Defendant be cited to appear and answer herein; that upon final hearing, a final judgment be entered that Defendant has infringed Plaintiffs' exclusive rights in Plaintiffs' copyright under the Copyright Act, 17 U.S.C. §

101, *et seq.*; that Defendant has violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202, *et seq.*; that a final judgment be entered against Defendant for damages as provided by the Copyright Act and the Digital Millennium Copyright Act; that Plaintiffs recover their attorneys' fees and costs; and that Plaintiffs recover all such other and further relief, both general and special, at equity and law, to which Plaintiffs may be justly entitled.

Respectfully submitted,

BECK REDDEN LLP

By: */s/ Joe W. Redden, Jr.*
    Joe W. Redden, Jr.
    State Bar No. 16660600
    jredden@beckredden.com
    Owen McGovern
    omcgovern@beckredden.com
    State Bar No. 24092804
1221 McKinney Street, Suite 4500
Houston, Texas 77010
Telephone: 713-951-3700
Facsimile: 713-951-3720

**ATTORNEYS FOR PLAINTIFFS,
JIM OLIVE and PHOTOLIVE, INC.**